# EXHIBIT 4

# Exhibit 2

<u>IN THE MATTER OF AN ARBITRATION</u>

BETWEEN

CONOCOPHILLIPS COMPANY,
FORMERLY KNOWN AS TOSCO CORPORATION

*Petitioner*

- and -

HDI-GERLING INDUSTRIE VERSICHERUNG AG, FORMERLY KNOWN AS GERLING
KONZERN ALLGEMEINE VERSICHERUNGS – AG

*Respondent*

(together, **the Parties**)

**TERMS OF REFERENCE**

**Introduction**

Pursuant to the Parties', Petitioner ConocoPhillips Company, as the successor to Tosco Corporation ("COP") and Respondent HDI-Gerling Industrie Versicherung AS ("Gerling"), Confidential Agreement for Alternative Dispute Resolution of MTBE Claims ("ADR Agreement"), the Parties hereby establish these Terms of Reference in connection with the above captioned dispute.

**Procedural Rules and Selection of Arbitrators**

Except as otherwise provided in the ADR Agreement, the arbitration shall be conducted in accordance with the UNCITRAL Arbitration Rules (as revised in 2010) without the supervision or oversight of an appointing authority. Notwithstanding the application of the UNCITRAL rules, COP and Gerling agree that the Controversy shall be determined by the following Tribunal of neutral arbitrators (the "Tribunal"):

Hon. Abraham D. Sofaer (Umpire)

Caleb Fowler, Esq.

Jerold Oshinsky, Esq.

**Hold Harmless**

The Tribunal Members shall be held harmless according to a hold harmless and indemnification agreement attached as Exhibit A.

**Ex Parte Communication with Panel**

The Tribunal Members have declared themselves to be neutral arbitrators and the Parties will not have any ex parte communications with the Tribunal Members except for non-substantive issues related to the Tribunal Member's billings to the Parties.

**Timing and Schedules**

The proceedings shall be conducted according to the schedule set forth in the Parties' Joint Arbitration Schedule attached as Exhibit B.

**Venue**

The seat and location for the arbitration shall be New York.

**Specific Issues to be Determined**

The substantive issues to be decided by the Tribunal are agreed by the Parties to be the following:

(a) Whether (and if so to what extent) the Ultimate Net Loss submitted by COP under the Policy (the "UNL"):

    (i) meets the definition of "Damages" in the Policy;
    (ii) arises out of property damage or personal injury that falls within the "Occurrence" definition in the Policy;
    (iii) relates to one occurrence per the terms and conditions of the Policy, specifically Definition (f) and Condition (d), as notified by Tosco;
    (iv) exceeds the per occurrence retention amounts stated in Endorsement 1 of the Policy; and
    (v) meets the requirements of "Loss Payable" under Condition V(g) under the Policy.

(b) Whether (and if so to what extent) insurance afforded by the Policy is to be excess of "other insurance" as defined by the Policy;

(c) Whether Resolute/Gerling is entitled to rescind the Policy by reason of alleged material misrepresentations or omissions of material fact made by Tosco at the time of application for the Policy; and

2

(d)   Whether (and if so to what extent) the UNL is excluded by (i) the Known Occurrence Exclusion Endorsement or (ii) the Blended Pollution Endorsement.

There are no other alleged impediments to coverage for these claims under the Policy. No other such issues will be submitted or decided by the Tribunal without the express written permission of the Parties. The issues stated herein shall be decided in accordance with the Governing Law and Interpretation clause of the Policy (section V(q)).

### Decision and Award

The decision of any two arbitrators as to a single issue shall be sufficient for a determination. The Tribunal shall issue a reasoned decision with findings of fact and conclusions of law within a reasonable time after the final hearing but no later than ninety (90) days from the date of the final hearing, except in extraordinary circumstances or with consent of the Parties. The Parties expressly agree that the decision and award shall be non-appealable, final and binding as to coverage for alleged MTBE liabilities of COP for all current claims which have been asserted absent fraud or manifest error. The Parties further agree that the rulings of the Panel shall be binding with respect to future MTBE claims however nothing in this paragraph shall relieve COP of its burden of showing that each MTBE claim fits within the integrated occurrence noticed by COP. If a dispute arises after any award issued by the Tribunal about any future MTBE claim, the Parties expressly agree that the Tribunal as a whole, or a member of the Tribunal with the express consent of both Parties, shall hear the dispute to determine how the Policy and Award apply to future MTBE claim(s) provided that all of the members are available and no conflict has arisen in the interim. The Tribunal may award costs and interest, if applicable, to the prevailing party as it deems appropriate. A judgment upon such award may be entered in any New York state or federal court, and COP and Gerling expressly agree to submit to the jurisdiction of any such court for purposes of having the judgment based on such award enforced. Any monetary award issued by the Panel shall be payable in U.S. Dollars.

### Confidentiality

These Terms of Reference and the proceedings before the Tribunal, as well as the final decision and award, are and shall remain confidential as set forth in the Confidentiality Agreement attached as Exhibit C.

Date:  February 6, 2013

By: _____  
John N. Ellison, Esq.

By: _____  
Michael A. Knoerzer, Esq.

3

Reed Smith LLP
1650 Market Street,
Suite 2500
Philadelphia, PA 19103
215-241-1210

Clyde & Co US LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
212-710-3900

4