UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HDI GLOBAL SE, f/k/a HDI-GERLING INDUSTRIE VERSICHERUNG AG,

                      Petitioner,

-against-

PHILLIPS 66 COMPANY,

                      Respondent.

No. 1:20-cv-00631

DECLARATION OF JOHN N. ELLISON IN SUPPORT OF PHILLIPS 66 COMPANY'S MOTION FOR ORDER CONFIRMING ARBITRATION AWARD AND OPPOSITION TO PETITION TO VACATE ARBITRATION AWARD

I, John N. Ellison, declare as follows based on my personal knowledge:

1. I am a partner in the law firm Reed Smith LLP and represent Respondent Phillips 66 Company ("P66") as successor to Tosco Corporation ("Tosco") in the above-captioned action. I also represent P66 in the arbitration brought against Petitioner HDI Global SE ("Gerling") that is the subject of this action (the "Arbitration"). I am a member in good standing of the bar of New York, and admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration, which I make to place before the Court documents relevant to its determination of P66's Motion for Order Confirming Arbitration Award and Opposition to Petition to Vacate Arbitration Award.

2. Pursuant to the parties' Confidential Agreement for Alternative Dispute Resolution of MTBE Claims dated November 8, 2011, the parties have arbitrated a dispute regarding insurance coverage for P66's predecessor, Tosco's liabilities incurred in claims seeking to impose product liability upon Tosco for refining and selling gasoline containing the government mandated oxygenate, MTBE, into the marketplace (the "Underlying MTBE Claims"). The Arbitration Agreement set forth the specific issues to be determined by the arbitration panel (the "Panel"), a provision that New York law would govern the parties' dispute,

and a provision that the final decision and awards are and shall remain confidential. A true and correct copy of the Arbitration Agreement is attached hereto as **Exhibit A**.

3. Pursuant to the Arbitration Agreement, the parties jointly prepared Terms of Reference outlining the issues for the Panel along with a proposed schedule for the proceedings. A true and correct copy of the Terms of Reference is attached hereto as **Exhibit B**.

4. The Arbitration began when Tosco presented its Statement of Claim on January 25, 2013 and has since proceeded during which the Panel has conducted three merits hearings based on hundreds of pages of briefing, witness statements, expert reports, live witness testimony and documentary evidence.

5. HDI Global SE ("Gerling") issued excess liability policy No. 509/DL253098 to Tosco effective August 1, 1998 through July 31, 1999 (the "Gerling Policy") which has been the subject of the arbitration. A true and correct copy of the Gerling Policy is attached hereto as **Exhibit C**.

6. One of the two dozen defenses raised by Gerling was the application of a Pollution Exclusion in the Gerling Policy to the Underlying MTBE Claims. Since the application of the Pollution Exclusion was a core defense of Gerling, it was the subject of an early decision by the Panel as to its meaning.

7. In its June 11, 2013 ruling ("Order No. 1"), the Panel held that the Pollution Exclusion's exception ("Product Liability Exception"), found in Paragraph 2, applied to the following liabilities: "(1) the liability must take the form of injuries and damage 'arising out of the end-use' of Tosco's goods or products; (2) such use must occur 'after possession of such goods or products has been relinquished to others by the Insured' or other trading 'in its name'; and (3) such use must occur 'away from premises owned, rented or controlled by the Insured.'" A true and correct copy of Order No. 1 is attached hereto as **Exhibit D**.

8. Operating under this ruling, the Panel determined coverage for successive groups of Underlying MTBE Claims in orders referring to Phase I (September 16, 2014), Phase II (August 24, 2017) and Phase III (October 27, 2019) ("Third Partial Final Award"). A true and correct copy of the Third Partial Final Award is attached hereto as **Exhibit E.**

9. Phase 1 determined coverage for the Underlying MTBE Claims that were settled by Tosco in four separate global settlements such as the *City of New York v. Amerada Hess Corp.*, 04-CV-3417, (S.D.N.Y.). A true and correct copy of the *City of New York v. Amerada Hess Corp.* complaint is attached hereto as **Exhibit F.**

10. In advance of Phase 1, the parties presented written opening submissions, twelve fact witness statements, six expert witness statements and hundreds of exhibits of documentary evidence. The parties conducted a seven day hearing with live witness testimony in April 2014 and a closing argument hearing on June 19, 2014. Phase 1 culminated in a 96 page first Partial Final Award dated September 16, 2014.

11. Phase 2 determined coverage for Underlying MTBE Claims settled by Tosco individually, as opposed to globally with a group of defendants, such as *South Tahoe PUD v. ARCO*, No. 999120 (Cal. Super. San Francisco Cty.). A true and correct copy of the *South Tahoe PUD v. ARCO* complaint is attached hereto as **Exhibit G**.

12. Phase 2 consisted of extensive discovery, seven procedural orders, one discovery hearing and written opening submissions in advance of a one day hearing on September 26, 2016. Phase 2 culminated in a 74 page Second Partial Final Award dated August 24, 2017.

13. I do not attach the Partial Final Awards in Phase 1 and Phase 2 as the parties' Arbitration Agreement requires that the decisions and awards are confidential.

14. Phase 3 determined coverage for *Orange County Water District v. Unocal Corp., et al.*, 04-CV-4968 (S.D.N.Y.); *New Jersey Department of Environmental Protection, et al. v.*

3

*Atlantic Richfield Co., et al.,* 08-CV-00312 (S.D.N.Y.);. *State of Vermont v. Atlantic Richfield Co., et al.* No. 340-6-14 (Vt. Super. Washington Cty.).

15. A true and correct copy of the *Orange County Water District v. Unocal Corp., et al.* complaint is attached hereto as **Exhibit H.**

16. A true correct copy of *New Jersey Department of Environmental Protection, et al. v. Atlantic Richfield Co., et al.* complaint is attached hereto as **Exhibit I.**

17. A true and correct copy of *State of Vermont v. Atlantic Richfield Co., et al.* complaint is attached hereto as **Exhibit J**.

18. In advance of Phase 3, the parties presented opening written submissions, and Tosco presented two fact witness statements and one expert witness statement. The Panel held a two day hearing on July 16 and 17, 2019. Although permitted the opportunity, Gerling chose not to present any of its own witnesses or to cross-examine Tosco's witnesses. The Panel issued the 67 page Third Partial Final Award on October 27, 2019.

19. Attached hereto as **Exhibit K**, for the Court's convenience, is a proposed form of order granting the relief requested herein.

20. The matters set for in Tosco's Memorandum of Law in Support of its Motion for Order Confirming Arbitration Award and in Opposition of Petition to Vacate Arbitration Award are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 14th day of February          _____