MANDATE

20-1743-cv
HDI Global SE v. Phillips 66 Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: <u>April 14, 2021</u>

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of March two thousand twenty one.

Present:  ROSEMARY S. POOLER,
 RICHARD J. SULLIVAN,
 MICHAEL H. PARK,
  *Circuit Judges*.

_____

HDI GLOBAL SE, FKA HDI-GERLING INDUSTRIE VERSICHERUNG AG,

 *Petitioner-Appellant*,

v.  20-1743-cv

PHILLIPS 66 COMPANY,

 *Respondent-Appellee*.
_____

Appearing for Appellant:  Michael A. Knoerzer, Clyde & Co US LLP (Alexander Bein, Kyley Knoerzer, *on the brief*), New York, N.Y.

Appearing for Appellee:  John N. Ellison, Reed Smith LLP, Philadelphia, P.A.

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

MANDATE ISSUED ON 04/14/2021

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

HDI Global SE appeals from a May 13, 2020 judgment of the United States District Court for the Southern District of New York (Berman, *J.*) denying its petition to vacate an arbitration award and granting Phillips 66 Company's cross-motion to confirm the arbitration award. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On January 25, 2013, Phillips 66's predecessor-in-interest, Tosco Corporation, a gasoline refiner, commenced arbitration against HDI, a German insurance company, alleging that HDI improperly denied it coverage under an excess liability insurance policy (the "Policy"). Tosco sought coverage for losses stemming from product liability lawsuits brought against it alleging that it allowed methyl tertiary butyl ethylene ("MtBE") to leak into and contaminate local groundwater. Tosco commenced arbitration pursuant to a 2011 arbitration agreement between the parties, which directed the arbitration panel to decide whether and to what extent the Policy's exclusion for pollution-related injuries and damages (the "Pollution Exclusion") applied. The Policy specified that the Pollution Exclusion applied regardless of whether the polluter was Tosco or a third party.

The Policy also contained an exception to the Pollution Exclusion for "product pollution liability" (the "End Use Exception"). In a June 11, 2013 order, the arbitration panel concluded that the End Use Exception required Tosco to satisfy three requirements: "(1) the liability must take the form of injuries and damage arising out of the end-use of Tosco's goods or products; (2) such use must occur after possession of such goods or products has been relinquished to others . . . ; and (3) such use must occur away from the premises, owned, rented, or controlled" by Tosco. App'x at 182-83 (internal quotation marks omitted). The panel issued three awards in total, only one of which is challenged on appeal: the third partial final award issued on October 27, 2019. In the third partial final award, the arbitration panel concluded that HDI improperly denied Tosco coverage under the Policy because the End Use Exception applied, and, among other things, "[s]pecific proof of each transfer that is traced to pollution is unnecessary and impractical to require." App'x at 75.

HDI moved to vacate the third partial final award in district court, which concluded that HDI failed to demonstrate that the arbitration panel exceeded its authority under the Federal Arbitration Act ("FAA") because the parties' arbitration agreement instructed the panel to interpret the Policy's terms and "[t]he text of the Policy served as the basis for the [a]ward." *HDI Glob. SE v. Phillips 66 Co.*, No. 20 Civ. 631 (RMB)(GWG), 2020 WL 2415588, at *3 (S.D.N.Y. May 12, 2020). The court also reasoned that the arbitration panel "demonstrated that its application of the [End Use Exception] did not render the Pollution Exclusion 'meaningless'" because the arbitration panel explained that it applied the three requirements of the End Use Exception in its June 11, 2013 order. *Id.*

We review de novo the district court's application of the manifest disregard standard to an arbitration award. *See T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010). "A litigant seeking to vacate an arbitration award based on alleged manifest

disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *Id.* at 339 (internal quotation marks, citations, and alteration omitted). This Court will uphold an arbitration award if the arbitrator's decision has "a barely colorable justification." *See Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 407 (2d Cir. 2009) (internal quotation marks omitted). An arbitration award manifestly disregards the parties' agreement if it "ignor[es] the clear meaning of contract terms." *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 25 (2d Cir. 1997). An arbitration award manifestly disregards the law if "(1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007) (internal quotation marks omitted).

On appeal, HDI argues that the arbitration award manifestly disregards the Policy because it applies the End Use Exception to the Pollution Exclusion even when Tosco lacks evidence of an end use. HDI's issue appears to be with the arbitration panel's definition of an end use in its June 11, 2013 order as "the full range of end uses of the completed product (M[t]BE treated gasoline), . . . includ[ing] the full range of functions that arise out of those end uses." App'x at 184. HDI argued to the arbitration panel, as it does here, that this definition of an end use arguably encompasses all liability covered by the Pollution Exclusion. In response, the arbitration panel emphasized that the end use requirement was only one of three requirements necessary for the End Use Exception to apply. Even if we disagreed with the arbitration panel's reading of the Policy, that would be insufficient to vacate the award. *See Alghanim & Sons*, 126 F.3d at 25 ("We will not overturn the arbitrator's award merely because we do not concur with the arbitrator's reading of the agreement.")

HDI also argues that the arbitration panel manifestly disregarded New York law because the panel deemed it impractical to require Tosco to provide specific proof of each transfer and thereby relieved Tosco, a sophisticated party, of a bad bargain or rewrote the Policy to satisfy its own notions of economic efficiency. However, as HDI acknowledges, the panel expressly recognized that the Policy places the burden of proving the exception's applicability on Tosco.

We have considered the remainder of HDI's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3